FAIR, J.,
for the Court:
¶ 1. Lamario Smoot appeals from a judgment of conviction of one count of robbery following a jury trial on September 26, 2011. He was sentenced to fifteen years’ imprisonment. Finding no error, we affirm.
FACTS
¶ 2. On April 24, 2010, Terri Galloway, a cashier at the Family Dollar in Jackson, was approached at her register by a man purchasing batteries. When she opened the register, he began grabbing money from it. As Galloway began to call out to her manager, the man said, “Shut up before I pull this gun out on you.” He then left with the cash.
¶ 3. Sometime later, the Jackson police presented Galloway with a photo array, and she identified Smoot as the robber. Galloway identified Smoot to the jury at his trial. Erica Robinson, manager of the store, testified similarly.
¶ 4. Smoot was indicted and tried for armed robbery. The theory of Smoot’s defense was that he may have committed robbery, but not armed robbery. The jury agreed, having been instructed on both offenses, with robbery as a lesser-included offense of armed robbery, and found him guilty of robbery. An appeal was properly perfected.
¶ 5. Smoot’s counsel thereafter filed a brief pursuant to Lindsey v. State, 939 So.2d 743, 748 (¶18) (Miss.2005), and mailed a copy to Smoot, informing him of his right to file his own pro se brief, if he so desired. He has filed nothing. After thoroughly reviewing the record, we found no potential issues. Therefore, we affirm Smoot’s conviction and sentence.
DISCUSSION
¶ 6. In Lindsey, the Mississippi Supreme Court set out the procedure to be followed when a defendant’s attorney does not find any arguable issues to support an appeal. Lindsey, 939 So.2d at 748 (¶ 18). It is the appellate counsel’s responsibility to file a brief showing that counsel has thoroughly reviewed the record and has found nothing to support an appeal. The counsel must then send his client a copy of the brief, informing his client that he found no arguable issue for an appeal, and he must advise the client of his right to file a pro se brief. Id. If the defendant raises any arguable issue in his pro se brief, or if the appellate court finds any arguable issue upon its independent review of the record, the appellate court must, if circumstances warrant, require counsel to file supplemental briefing on the issue. Id.
¶ 7. Smoot’s attorney filed a brief indicating that he diligently searched the procedural and factual history of this action and scoured the record for any arguable issues that could be presented in good faith, but he found none. Smoot’s attorney asserts that he examined: (1) the reason for Smooth’s arrest and the circumstances surrounding the arrest; (2) any possible violations of Smooth’s right to counsel; (3) the entire trial transcript; (4) all rulings of the trial court; (5) possible procedural misconduct; (6) all jury instructions; (7) all exhibits, whether admitted into evidence or not; (8) possible misrepresentation of the law in sentencing; (9) the indictment and all the pleadings in the record; (10) any possible ineffeetive-assistance-of-counsel issues; and (11) other possible reviewable issues.
¶ 8. Smoot’s attorney also confirmed that he sent a copy of the brief to Smoot and informed Smoot of his right to file a pro se brief. Smoot did not file a pro se brief. *178 And we do not find the circumstances warrant supplemental briefing on any issue. Therefore, all that remains is our consideration of Smoot’s case on the merits.
¶ 9. After an independent review of the record, we agree with Smoot’s counsel that no reversible error occurred. The indictment properly notified Smoot of the armed-robbery charge. See Miss.Code Ann. § 97-3-79 (Rev.2006). The jury received instructions for both armed robbery and simple robbery and found Smoot guilty of simple robbery. The jury’s guilty verdict was not against the overwhelming weight of the evidence and was supported by sufficient evidence. Additionally, Smoot’s fifteen-year sentence falls within the statutory minimum and maximum. See id.
¶ 10. We affirm Smoot’s conviction .and sentence.
¶11. THE JUDGMENT OF THE CIRCUIT COURT OF HINDS COUNTY OF CONVICTION OF ROBBERY AND SENTENCE OF FIFTEEN YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HINDS COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON, MAXWELL AND JAMES, JJ., CONCUR.